IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY V. SKIBA, TRUSTEE ) | |
| ) | |
| Appellant, ) | |
| ) | |
| ) | Civil Action No. 05-152 Erie |
| ) | |
| ) | Bankruptcy No. 04-11889 |
| ) | |
| v. ) | |
| ) | |
| JEFFREY GOULD, *et al.*, ) | |
| ) | |
| Appellees. ) | |

**MEMORANDUM OPINION**

McLAUGHLIN, J.

This is an appeal by Trustee Gary V. Skiba ("Trustee") from the Bankruptcy Court's Order dated April 12, 2005. The underlying proceeding was commenced on July 22, 2004, when debtors Jeffrey C. Gould and Dlorah F. Gould filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Western District of Pennsylvania. Upon reviewing the debtors' schedules, the Trustee learned that Jeffrey C. Gould had a retirement account through the Children's Home of Bradford with a value of $14,835.04. Further documentation indicated that this retirement account constituted a qualified annuity under section 403(b) of the Internal Revenue Code, 26 U.S.C. § 403(b). In an amended Schedule C filed by the debtors on September 14, 2004, the debtors claimed that $7,237.54 of the Children's Home pension/annuity should be excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2). The Trustee filed an objection to the amended claim for exemption, arguing that § 541(c)(2) did not apply because the pension took the form of an annuity, rather than a trust. The Bankruptcy Court, by order dated April 12, 2005, ruled that the retirement plan was excluded from the bankruptcy estate under § 541(c)(2). Skiba v. Gould (In re Gould), 322 B.R. 741 (Bankr. W.D. Pa. 2005). We have appellate jurisdiction over the Bankruptcy Court's final order pursuant to 28 U.S.C. § 158(a). For the reasons set forth below, we reverse the Bankruptcy Court's ruling and remand for further proceedings.

## I. STANDARD OF REVIEW

A district court's appellate review of a bankruptcy court's decision is two-fold. The bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1223 (3rd Cir. 1995). The bankruptcy court's legal conclusions, however, are subject to plenary review. Id. As there are no factual issues in dispute, our review in this instance is plenary.

## II. DISCUSSION

Section 541(c)(1) of the Bankruptcy Code broadly provides that a bankruptcy estate includes "all legal or equitable interests of the debtor in property" as of the commencement of the bankruptcy estate "except as provided in subsections (b) and (c)(2) of this section." 11 U.S.C. §541(c)(1); In re Haney, 316 B.R. 827, 828 (Bankr. E.D.Pa 2004). Subsection (c)(2) provides:

> A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c)(2). The lone issue before us is whether Timothy's TIAA-CREF pension plan falls within the § 541(c)(2) exception.

In the opinion underlying this appeal, the bankruptcy court noted that "[t]here is a conflict among the courts on the issue of whether annuity pension plans that are tax qualified under the provisions of 26 U.S.C. § 403(b) are excluded from the bankruptcy estate by the provisions of § 541(c)(2)." See Gould, 322 B.R. at 742. The bankruptcy court held that a pension plan does not have to qualify as a "trust" to fall within the parameters of §541(c)(2) and, therefore, the debtors' 403(b) annuity was excluded from the bankruptcy estate. In addition to citing the United States Supreme Court's decision in Patterson v. Shumate, 504 U.S. 753 (1992), the bankruptcy court relied heavily upon the dissenting opinion in In re Adams, 302 B.R. 535, 546 (6th Cir. BAP 2003) (Latta, J., dissenting), and the Seventh Circuit's opinion in Morter v. Farm Credit Services, 937 F.2d 354 (7th Cir. 1991).

The debtors, citing Patterson, urge us to affirm the bankruptcy court's conclusion that any interest in an employer's pension plan can be excluded from the bankruptcy estate if the plan is

subject to an enforceable transfer restriction under applicable nonbankruptcy law. Patterson, 504 U.S. at 758. In Patterson, the United States Supreme Court held that an antialienation provision in an ERISA-qualified pension plan constituted an enforceable restriction on transfer under "applicable nonbankruptcy law." Id. at 757. The Supreme Court framed the issue by stating that "[t]he natural reading of the provision entitles a debtor to exclude from property of the estate any interest *in a plan or trust* that contains a transfer restriction enforceable under any relevant nonbankruptcy law." Id. at 758 (emphasis added). In the wake of Patterson, several courts have seized upon the phrase "in a plan or trust" to hold that a broad range of retirement plans other than "trusts" are excludable from the bankruptcy estate as long as the instrument contains a qualifying transfer restriction provision. See, e.g., Gould, 322 B.R. at 743 (asserting that the Supreme Court's reference in Patterson to "a plan or trust" evinced "the Court's understanding of the intent of Congress expressed both in ERISA and the Bankruptcy Code.").

For example, In re Johnson, a case relied upon by the debtors, utilized this approach to find that a 403(b) annuity was not property of the bankruptcy estate. Johnson, 191 B.R. 75 (Bankr. M.D. Pa. 1996). The bankruptcy court, first noting that § 541(c)(2) "has generally been interpreted to prevent the administration of property subject to an agreement containing an enforceable anti-alienation/anti-assignment provision preventing the use of the fund to benefit either the beneficiary or the creditor prior to its maturity," further proposed that "it is now well settled that a spendthrift clause enforceable under either state or federal law is sufficient to protect the fund from administration by a trustee. Id. at 77 (citing Patterson, 504 U.S. 753); see also In re Snyder, 206 B.R. 247 (Bankr. M.D. Pa. 1996).

The Third Circuit, however, has since rejected this broader inquiry, albeit implicitly. In Orr v. Yuhas (In re Yuhas), 104 F.3d 612 (3rd Cir. 1997), the Third Circuit, interpreting Patterson, announced five requirements that must be satisfied before a pension plan can be excluded from the bankruptcy estate. First and foremost, the Court held that "the IRA must constitute a 'trust' within the meaning of 11 U.S.C. § 541(c)(2)," and, secondly, "the funds in the IRA must represent the debtor's 'beneficial interest' in that trust. . ." Id. at 614. Following Yuhas, courts within this circuit have strictly required the existence of a trust in order to satisfy the statutory exclusion. See, e.g., In

re Williams, 290 B.R. 83, (Bankr. E.D. Pa. 2003) (holding that the debtor's IRA was not excluded because it was not a "trust" within the meaning of § 541(c)(2)); Pineo v. Fulton (In re Fulton), 240 B.R. 854 (Bankr. W.D. Pa. 1999) (concluding that IRA annuities are not excluded under § 541(c)(2)).[1]

Nor is this trend confined to the Third Circuit. In In re Adams, 302 B.R. 535 (6th Cir. BAP 2003), the Sixth Circuit Court of Appeals rejected the notion that any pension plan with "an enforceable transfer restriction . . . designed to function in a manner 'analogous' to a spendthrift trust" could be excluded from the bankruptcy estate, holding instead that "only an interest in a trust can be the subject of an enforceable transfer restriction within the meaning of 11 U.S.C. § 541(c)(2)." Adams, 302 B.R. at 539. The Court further opined:

> The dissent would like us to amend § 541(c)(2) so as to read: "A restriction on the transfer of a beneficial interest of the debtor in a trust or ERISA-qualified pension plan that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title." We believe that if there are to be any changes in the language of § 541(c)(2) such changes must be made by Congress, not by the courts.

Id. at 546. The Sixth Circuit then concluded that an annuity was not a "trust" within the meaning of the statutory exclusion because "[t]he purchase of an annuity ordinarily creates the relationship of debtor/creditor, not trustee/beneficiary." Id. at 541; see also In re Wendt, 320 B.R. 904 (Bankr. D. Minn. 2005) (holding that a debtor's interest in a § 403(b) annuity was not excluded because it did not constitute a trust); In re Quinn, 299 B.R. 450 (Bankr. W.D. Mich. 2003) (finding "nothing within Section 541(c)(2) . . . which would support the broader policy considerations which courts frequently have relied upon when called to interpret it" and concluding that the debtors interest in a 403(b) annuity was not excluded); In re Barnes, 264 B.R. 415, 421 (Bankr. E.D. Mich. 2001) (discussing the "trust" requirement at length and concluding that "§ 541(c)(2) applies only to trust

---

[1] The debtors' brief highlights the fact that Yuhas, Williams, and Fulton dealt with IRAs, rather than 403(b) annuities, suggesting that this renders Yuhas inapplicable to the instant case. (See Brief for the Appellee, at 2). However, as we hold that § 541(c)(2) does not encompass *any* pension plan interests other than "trusts," this distinction is immaterial.

interests.").

In light of the holding in Yuhas and other recent cases strictly construing the plain language of § 541(c)(2), we conclude that only a debtor's beneficial interest in a *trust* may be excluded from the bankruptcy estate pursuant to that subsection. As noted in Barnes, the broad, policy-based approach to § 541(c)(2) relied upon in cases such Johnson derived from an overly expansive reading of Patterson:

> [Patterson's] holding is straightforward enough: ERISA can constitute a source of the "nonbankruptcy law" to which § 541(c)(2) refers. But in resolving that issue, the Court may have created a new one - namely, whether the statute applies to non-trust interests.
> The confusion on this latter point is attributable in large part to what is *not* said in [Patterson]. Curiously absent from the Supreme Court's decision is any discussion of § 541(c)(2)'s trust requirement. And on occasion the Court seems unaware of the requirement. At the outset of the opinion, for example, § 541(c)(2) is described as "exclud[ing] from the bankruptcy estate property of the debtor that is subject to a restriction on transfer enforceable under 'applicable nonbankruptcy law.'" No mention is made of the statute's limitation to trust interests. A less subtle example is the Court's puzzling assertion that § 541(c)(2) "entitled a debtor to exclude from property of the estate any interest *in a plan or trust* that contains a[n enforceable] transfer restriction." (emphasis added).

Barnes, 264 B.R. at 421. In short, in light of the previously described case law and the clarity of the statutorily described language, we reject the bankruptcy court's conclusion that § 541(c)(2) encompasses pension plans other than "trusts". Id. at 426-30; see also Quinn, 299 B.R. at 457-58 (analyzing the interaction between § 541(c)(1) and § 541(c)(2) and concluding that the purpose and legislative history of the latter fail to support the "broader policy considerations" relied upon by Patterson's progeny).

### III. CONCLUSION

For the reasons state above, we conclude that the bankruptcy court failed to correctly apply the appropriate law to the facts of this case. Accordingly, the bankruptcy court's decision is **REVERSED** and this case is **REMANDED** for entry of an order consistent with this opinion.

An appropriate Order follows.

| | |
|---|---|
| GARY V. SKIBA, TRUSTEE )<br>)<br>Appellant, )<br>)<br>) <br>)<br>)<br>)<br>v. )<br>)<br>JEFFREY GOULD, *et al.*, )<br>)<br>Appellees. ) | Civil Action No. 05-152 Erie<br><br>Bankruptcy No. 04-11889 |

## **O R D E R**

AND NOW, this 5th day of August, 2005, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Bankruptcy Court's Order of April 12, 2005 is REVERSED.

/s/ - Sean J. McLaughlin<br>
United States District Judge

cm: All counsel of record.___